UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:18-cv-00080

**Ayman Aishat,**
*Plaintiff,*

v.

**U.S. Department of Homeland Security, et al.,**
*Defendants.*

Before BARKER, *District Judge*

### ORDER

The report and recommendation of United States Magistrate Judge K. Nicole Mitchell (Doc. 35) is **adopted** as the opinion of the court. No clear error infects the report's unobjected-to conclusion on defendants' motion to strike (Doc. 27), which is **denied**. On de novo review, no error is found in the report's conclusion on the partial motion to dismiss (Doc. 26), which is **granted**. Plaintiff's objection (Doc. 36) to Judge Mitchell's redressability conclusion is without merit. Plaintiff cites no authority holding that the declaration he seeks on his second and third claims would result in the exclusion of evidence in his 8 U.S.C. § 1421(c) proceeding. And even if an exclusionary rule did apply, declaratory relief would not be the vehicle for invoking it; any request to exclude evidence would be raised in that proceeding, presumably in a motion before trial. The Administrative Procedure Act also does not show redressability. It creates a cause of action but cannot cure a standing defect. In any event, the Act authorizes judicial review only if "there is no other adequate remedy," 5 U.S.C. § 704, which does exist here under § 1421(c). *Monterrubio v. Nielsen*, 2018 WL 2247223, at *3 (S.D. Tex. May 16, 2018) (citing *Aparicio v. Blakeway*, 302 F.3d 437, 447 (5th Cir. 2002)).

*So ordered by the court on March 25, 2020.*

---
J. C‍AMPBELL B‍ARKER
United States District Judge